# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JAI DEVON LEE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CLAY TATUM and THE ATTORNEY ) <br> GENERAL OF THE STATE OF ) <br> GEORGIA, ) <br> ) <br> Respondents. ) | Case No. CV608-042 |

## REPORT AND RECOMMENDATION

On May 23, 2008, Lee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The respondents have moved to dismiss Lee's petition for lack of exhaustion. (Docs. 10 & 11.) Lee has not responded in opposition to the motion, so it is therefore deemed to be unopposed. L.R. 7.5. For the following reasons, respondents' motion should be **GRANTED**.

Lee raises the following three grounds for relief in his § 2254 petition: (1) the prosecution did not sustain its burden of proof as to each element of the offense; (2) subsequent precedent and

legislation announced new rules implicating his conviction; and (3) the sentence was longer than that prescribed by law. (Doc. 1 at 6.) Ground two was not presented on appeal, but was raised during Lee's state habeas corpus proceedings. (Doc. 11, Br. at 1); Lee v. Georgia, 642 S.E.2d 876 (Ga. Ct. App. 2007). Lee's counsel has indicated that he is appealing the state habeas court's decision, which denied relief on that ground. (Doc. 11, Br. at 2-3.)

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error "by invoking one complete round of the State's established appellate review process" before a federal court may consider the case. Id. at 845. Because Lee has not afforded the state appellate court an opportunity to address and resolve ground two of

his present petition, that claim is clearly unexhausted.[1] Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (noting that Boerckel applies to the state collateral review process as well as the direct appeal process).

Respondents do not contend that the remaining grounds are unexhausted. (Doc. 10 at 1.) In the case of "mixed petitions" containing both exhausted and unexhausted claims, the appropriate procedure is to dismiss such petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S.

---

[1] Respondents do not argue that Lee's claims are procedurally defaulted and, therefore, no longer "available" for consideration by the state courts. Although ordinarily a federal court must require a habeas petitioner to present his unexhausted claims to a state court, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the federal court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); id. at 737 (federal court may apply state procedural bar rules for the state where there is no "reasonable possibility that an exception to the procedural bar may still be available to the petitioner"); Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) ("federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile"); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("the Georgia [successive petition] statute should be applied and enforced in a federal habeas proceeding even though there is no state court decision applying it to the claim in question").

509, 510 (1982); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) (Rose requires the dismissal of mixed habeas). As Lee has yet to complete his appeal of ground two, his § 2254 petition should be **DISMISSED** for lack of exhaustion.

**SO REPORTED AND RECOMMENDED** this  4th  day of September, 2008.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**